UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cr-00078-MOC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| ANGEL GUTIERREZ, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Pro Se Motion to Reduce Sentence Pursuant to USSC Amendment 821. (Doc. Nos. 27, 29). The Government opposes Defendant's motion. (Doc. No. 32).

### I. Background

In April 2014, a federal grand jury indicted Defendant and charged him with illegal re-entry into the United States. (Doc. No. 1). Defendant pleaded guilty without a plea agreement. (Doc. Nos. 16, 20). The probation office prepared a presentence report, calculating a total offense level of 21 and criminal history category of IV. (Doc. No. 20). Defendant's criminal history category was based on six criminal history points related to Defendant's prior convictions, plus two additional criminal history points for committing his illegal re-entry offense while on supervised release. (Id.). Based on his criminal history category and total offense level, the probation office concluded that the Sentencing Guidelines advised a sentence of between 57 and 71 months imprisonment. (Id.).

At sentencing, the Court varied downward by one criminal history category (i.e., from category IV to category III) to a guideline range of 46 to 57 months in prison. (Doc. No. 25). The

1

Court sentenced Defendant to 46 months in prison, at the bottom of that guideline range.

Defendant now asks this Court to reduce his sentence based on Amendment 821 to the Sentencing Guidelines.

**II.     Legal Standard**

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. Id.

Part B, Subpart 1, of Amendment 821 adds a new guideline provision to chapter four, U.S.S.G. § 4C1.1. This new guideline authorizes a two-offense-level decrease if a defendant has (1) zero criminal-history points, and (2) did not receive a terrorism adjustment under U.S.S.G. § 3A1.4; (3) did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the offense was not a sex offense; (6) did not personally cause substantial financial hardship; (7) did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon in connection with the offense; (8) the offense was not an offense involving individual rights

2

covered by U.S.S.G. 2H1.1; (9) did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and (10) did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848. U.S.S.G. 4C1.1.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

### III.     Analysis

The Government argues that Defendant is ineligible for sentence reduction under

3

Amendment 821. The Court agrees.

True, the probation office assessed Defendant two additional criminal history points because he committed his illegal re-entry offense while on supervised release. Under Amendment 821, Defendant would not have received those two criminal history points, and would thus have been subject to a sentence based on a criminal history category of III, and not IV, as the probation office calculated. The Court, however, already varied downward at sentencing to a criminal history category of III. Because the Court sentenced Defendant at the bottom of the resulting guideline range, and because applying Amendment 821 would not further decrease the guideline range this Court applied, Defendant is ineligible for sentence reduction under Amendment 821.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Pro Se Motion to Reduce Sentence Pursuant to USSC Amendment 821 (Doc. No. 27) is **DENIED**.

Signed: April 4, 2024

Max O. Cogburn Jr
United States District Judge